GEORGE W. CARPENTER *et al.*, Respondents, v. MORRIS D. MEYERS, Appellant.

*Suits.*—All suits upon bonds, bills or notes are, by sec. 26, Art. VI., Practice Act, R. C. 1855, p. 1235, triable at the return term.

*Counter-claim.*—The plea of partial failure of consideration of a promissory note does not constitute a counter-claim so as to require a replication.

*Error—Continuance.*—To warrant the reversal of a judgment for alleged error in overruling a motion for continuance, the record must present a state of facts showing that the discretion of the court has been unsoundly exercised.

*Appeal from St. Louis Circuit Court.*

*M. L. Gray*, for appellant.

I. Defendant not having been personally served with process, the case was not triable at the return term.   (R. C. 1855, p. 1259, Prac. Act, § 4 & 5.)   The general rule by the statute is that all cases shall be continued at the return term, and the 24th, 25th and 26th secs. of Art. 6, p. 1235, changes this rule only in cases where there is personal service in cases of bills, bonds and notes.

Sec. 25 of the Land Court Act of St. Louis county (R. C. 1855, p. 1595) controls this matter, making all cases in St. Louis courts, where there has been fifteen days' *personal service*, triable at the return term.

II. The court should have continued the cause, good grounds having been shown.

III. Defendant was entitled to a default on his counter-claim. It was new matter and a cross claim. (R. C. 1232, § 12; R. C. 1233, § 13, 15 & 16.)

*Hitchcock*, for respondent.

I. The Practice Act, Art. VI., § 26, R. C. 1855, p. 1235, makes all suits upon *notes for the direct payment of money*, triable at the term at which the defendant is bound to appear, the return term of the writ.

II. The granting a continuance was a matter within the discretion of the court, and to authorize a reversal for the refusal thereof, a plain and palpable case of error must be made out. (Freleigh v. The State, 8 Mo. 611.) The record does not show the grounds of the decision.

III. The court rightly refused to grant defendant a judgment for want of replication to his so-called counter-claim. The answer sets up merely a partial failure of consideration.

BAY, Judge, delivered the opinion of the court.

Plaintiffs brought suit against defendant on a promissory note in the St. Louis Court of Common Pleas, returnable to the October term, 1858. The note was for the sum of $217.69, dated 19th of August, 1857, and made payable to the order of plaintiffs seven months after date. The summons was served on the 16th of September, 1858, by leaving a copy of the writ and petition at the usual place of abode of defendant, with a white person of his family over the age of fifteen years.

The answer alleges that the note was given in consideration of a bill of goods, purchased in the city of New York, to be forwarded to defendant at St. Louis, and that plaintiff neglected to forward a part of said goods of the value of forty-two dollars, which amount defendant asks to be deducted from the face of the note.

The answer sets up a further defence—that after the making of said note plaintiffs assigned for the benefit of their creditors all their property, including said note, and that the assignees are the owners and holders of said note, and alone entitled to collect the same. When the cause was called for trial, defendant asked for a continuance upon the grounds that the cause was not triable at the return term; which application the court refused. A similar application was then made upon the statements of defendant's attorney, plaintiff waiving an affidavit; which was also overruled. Defendant then moved for judgment against plaintiff for the sum of forty-two dollars upon the ground that no replication had been filed to that part of his answer averring the nondelivery of a portion of the goods; which was also overruled. The record presents three propositions for the consideration of this court: 1st. Was the cause triable at the return term ? 2. Was the application for a continuance, predicated upon the statement of defendant's attorney, properly overruled ? 3d. Does the answer set up matter requiring under our practice a replication ?

The 2d and 3d propositions are readily disposed of. The statement of defendant's attorney is predicated almost exclusively upon information imparted to him by his client, and not upon facts within his own knowledge ; and if the information so imparted was in all respects true, it still does not show that diligence upon the part of the defendant which would entitle him to a continuance. The bill of exceptions, moreover, does not set out the rule of the court in regard to continuances, and for aught that appears in the record, the application may have been overruled by reason of its noncompliance with such rule in form or substance. To warrant this court in reversing a judgment upon the ground of alleged error in overruling a motion for continuance, the record should show a state of facts which will satisfy us that the discretion lodged in the court below was unsoundly exercised.

The 3d ground of error is without any face. The matter

set up in the answer, which the appellant insists should have been replied to, constitutes simply a plea of partial failure of consideration. The practice act only requires a replication when the answer contains new matter constituting a counter-claim.

The other point, involving the question as to whether the cause was triable at the return term, is attended with more difficulty, not by reason of any ambiguity in the statute, but because of the supposed conflict between the law as it exists, and the intention of the legislature in its enactment as gathered from different sections of the act. The 24th section of the 6th article of the revision of 1855, regulating the practice in civil cases, provides " that when the petition is founded solely upon a bond, bill or note for the direct payment of money or property, and the defendant shall have been personally served with process, he shall demur to or answer the petition on or before the second day of the term at which he is bound to appear, if the term shall so long continue; if not, then within such time in the term as the court shall direct."

The 26th section is as follows: " Suits in cases founded upon such bonds, bills and notes, shall be determined at the term at which the defendant is bound to appear, unless continued for good cause."

The section requiring the defendant to demur, or to answer the petition, on or before the second day of the term, will be found in the revisions of 1835 and 1845, in neither of which were suits on bonds or notes for the direct payment of money or property triable at the first term, unless personal service was had upon the defendant. In a large majority of the counties in the State, the term of the Circuit Court was limited by law to one week, and in many of them the business of the court did not require more than three or four days' session; hence it was important that in cases triable at the return term, the issues should be made up at the earliest practicable period.

The fact that in the revision of 1855 the same provision

respecting the time of pleading is retained, is urged with much plausibility as tending to show that the legislature did not intend to change the rule with regard to the trial term. The argument is by no means destitute of force, for it is difficult. to understand why a law should be retained after the reason for its enactment had ceased to exist; but we know from past experience that in the hurry usually attending a revision of the law, many acts remain unrepealed which are of no practical utility whatever.

It is contended by the appellant that the word *such*, in the 26th section of the act of 1855, refers not only to bonds, bills and notes, for the direct payment of money or property, but to suits founded thereon in which personal service has been had upon the defendant. But a glance at the section shows the contrary. The language is " suits in cases founded upon such bonds, bills and notes," evidently referring to bonds, bills and notes *for the direct payment of money or property*.

The 5th section of the act of 1845, entitled " An act for the speedy recovery of debts due on bonds and notes," is as follows: " If the defendant shall have been personally served with process, he shall plead to the merits of the action on or before the second day of the term, &c., and the suit in *such cases* shall be determined at the same term, unless continued for good cause."

Here it will be observed that the language is entirely different from the act of 1855, the word *such* having a totally different application.

In this case the defendant was bound to appear at the return term of the writ, and the act of 1855 makes the term at which he is bound to appear the trial term. Had he neglected to appear at such term, he would have subjected himself to an interlocutory judgment by default, which, in such cases, by the 11th section of the 12th article of the same act, must be proceeded on to final judgment at the same term.

If the act of 1855 was ambiguous, and susceptible of different meanings, resort might be had to the intention of the

legislature as a means of furnishing a proper °construction; but in the absence of any ambiguity we are not at liberty to adopt any such rule of construction, our functions being judicial and not legislative.

We have been referred to the last section of the Land Court act, but do not think it has any important bearing upon the question involved.

With the concurrence of the other judges, the judgment will be affirmed.