THE STATE OF MISSOURI, Respondent, *vs.* JOHN LANGE, Appellant.

1. *Criminal practice—Granting of continuances discretionary with trial court, etc.* —The granting of continuances in criminal as in civil cases, rests largely in the discretion of the trial court, and the Supreme Court will not interfere unless it is clear that such discretion has been oppressively exercised, and that defendant may have been injured thereby.

2. *Practice, crim.—Continuances—Affidavit—Due diligence in issue of subpœna and search for witness.*—An affidavit setting forth that deponent had placed a subpœna in the hands of the county marshal "in due time," without stating when, and that deponent knew that the witness was in the place to which the subpœna was directed "the last time deponent heard of his whereabouts," without showing when, or that at any time, he had known of his whereabouts does not show such diligence in issuing the subpœna or obtaining the witness as will authorize the Supreme Court to interfere with the discretion of the trial court in overruling the application, even in a criminal cause, especially where the application is the second one made on behalf of the prisoner.

3. *Larceny—Recent possession of stolen property after theft—Presumption as to guilt.*—Where one is found in possession of stolen property in less than twenty-four hours after the theft, under circumstances of grave suspicion, without any attempt on his part to account for his possession, he is presumptively guilty of the crime.

*Appeal from St. Louis Criminal Court.*

*Drewer,* for Appellant.

*Normille, Circuit Attorney,* for Respondent.

VORIES, Judge, delivered the opinion of the court.

This was an indictment for grand larceny. The indictment was found in the Criminal Court, and was a joint indictment against said defendant, Lange, and one Albert West *alias* Hill, who was charged with having, on the 20th day of June, 1873, stolen a coat, pantaloons and vest, the property of one Thomas B. Hill, of the aggregate value of fifty-five dollars. The indictment was found and the defendant arraigned on the 15th day of July, 1873.

On the 23rd day of July, 1873, on motion of the defendants, the cause was continued as to defendant West *alias* Hill, because of the absence of witnesses; and on motion of defendant Lange, the cause was continued as to him by con-

sent. On the 6th day of October, 1873, the cause was continued by the consent of the parties, and at the same time the defendant, Lange, was granted a severance of the parties for the trial of the cause.

On the 20th day of November, 1873, the case was called for trial as to defendant, Lange, when the defendant made a motion or an application for a continuance of the cause. This motion was predicated on, or supported by, the following affidavit:

"Now at this day comes the said defendant, and moves the court for a continuance on account of the absence of James McConaghey, whose testimony is wanted; that his testimony is material in this cause; that no other witness is in attendance or within the reach of the process of this court, upon whose testimony this affiant can safely rely to prove the particular facts that the absent witness is expected to prove; that this affiant believes he cannot safely go to trial without the testimony of such absent witness; that he is not absent by the consent, connivance or procurement of this affiant; that this affiant procured a subpœna to be issued for said absent witness by this court; that the subpœna was placed in the hands of the county marshal in due time; that the said county marshal, after a diligent search for said witness, returned said process as "not found"; the affiant knows that said witness was at the place as directed on said subpœna the last time he heard of his whereabouts; that he has used all means in his power to procure the attendance of said witness, by sending messengers after him, but was unsuccessful; that he has procured letters to be written to him, but said letters remained unanswered. This affiant further says that he will be able to procure the testimony of such absent witness by the next term of this court, and that affiant believes said absent witness to be still in the city."

The court overruled said application for a continuance, and the defendant at the time excepted.

The evidence adduced on the trial was to the effect, that on the 20th day of June, 1873, a suit of clothing, consisting

of a coat, pantaloons and vest, was taken from the room of one Thomas B. Hill, on the Steamer "Clinton," which was at the time lying at the wharf in St. Louis, at the foot of Chestnut street; that on the 21st of June, 1873, about noon, the defendant, Lange, and the defendant, West *alias* Hill, were seen walking together on Third street, in the city of St. Louis; that Lange had the clothes stolen from the boat under his arm; that after the parties had walked together for some distance, and when they had arrived at a point opposite a pawn-broker's shop, Lange handed the bundle of clothes to West, who went into the pawn-broker's shop with them, to pawn them for money, Lange remaining on the street; that a policeman, who had been watching their movements, then came up, told Lange to stand where he was until he came back; that the policeman went into the shop where West was, took possession of the clothing and arrested West, brought him out, and then arrested Lange, and took them both to the station; that the clothing belonged to Thomas B. Hill, and was worth about sixty dollars. The defendant offered no evidence whatever.

The court, at the close of the evidence, gave the jury several instructions, to which no objection was made. The jury returned a verdict of guilty, assessing the punishment of the defendant to two years imprisonment in the penitentiary. The defendant filed a motion to set aside the verdict and grant him a new trial, and assigned as causes for said motion, that the verdict was against the law and the evidence, and against the weight of the evidence, and because the court had improperly overruled the defendant's application for a continuance of the causes. This motion was overruled by the court, and the defendant excepted and appealed to this court.

The only questions raised by the defendant for the consideration of this court, are as to the propriety of the action of the Criminal Court, in overruling the defendant's application for a continuance of the cause, and in overruling defendant's motion for a new trial, on the ground that the verdict was against the weight of the evidence.

The granting of continuances, in criminal cases as well as in all other cases, must necessarily be left, to a considerable extent, to. the discretion of the trial court, and this court ought not to interfere with the action of the trial court, unless it is very clear that the discretion of the court has been oppressively exercised, and that the defendant may have been injured thereby. (Scogin vs. Hudspeth, 3 Mo., 123; Carpenter vs. Myers, 32 Mo., 213; State vs. Klinger, 43 Mo., 127.) And where the application is based on the absence of a material witness, it must appear from the affidavit that the applicant had used due diligence to procure the testimony of the absent witness. (Cline vs. Brainard, 28 Mo., 341; State vs. Benton, 31 Mo., 462.)

In the present case no sufficient diligence appears from the affidavit. The diligence attempted to be shown in the affidavit, is, that "affiant procured a subpœna to be issued for said witnesses by the court; that the subpœna was placed in the hands of the county marshal in due time; that the county marshal, after a diligent search for said witness, returned said process as not found." It will be seen that this language is very indefinite. It is stated that the subpœna was placed in the hands of the marshal "in due time." What would be due or proper time, is a matter for the consideration of the court. The affidavit should have stated the time that the subpœna was placed in the hands of the marshal, so that the court could judge whether, under the circumstances of the case, proper diligence had been used, and so that this court could see whether, under the circumstances of the case, the trial court abused its discretion in overruling the application.

The affiant further states that he knows that the witness was at the place directed on the subpœna "the last time he heard of his whereabouts," but when it was that the affiant had last heard of the whereabouts of the witness is not disclosed; and in fact it appears that the affiant knew nothing of the whereabouts of the witness, for he states that he had procured divers letters to be written to and directed to said witness, but that he had always failed to receive any answer to his letters.

---

We think that in a case like this, where the defendant had had one continuance on his application, and one by the agreement of the parties, he did not show a sufficient degree of diligence to be ready for trial on the third calling of the cause for trial; at least there is nothing in the case that would authorize us to say that the trial court had exercised an unsound discretion in refusing to continue the case. Every intendment should be in favor of the proper action of the court.

It is hardly necessary to discuss the second question raised in the case. The evidence shows that the defendant was found in the possession of stolen property in about from twelve to twenty hours after it had been stolen, and no attempt is made to explain or account for his possession; but the circumstances surrounding the possession were of the most suspicious character. It is hardly necessary to say that the jury were fully justified in finding their verdict by the evidence.

The other judges concurring, the judgment is affirmed.