## THE STATE V. ROBBINS, APPELLANT.

**Recent Possession of Stolen Property:** INSTRUCTIONS. An instruction to the jury to the effect that possession of property proven to have been recently stolen is presumptive evidence of the guilt of the party in possession unless such possession is satisfactorily explained or accounted for, is not objectionable as a commentary on the evidence or an invasion of the province of the jury, when it is accompanied by other instructions to the effect that the jury should take into consideration all the facts shown in evidence, giving to each such weight as they should consider it entitled to.

*Appeal from Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

*Richard H. Field* for appellant.

The jury should have been permitted to pass upon the guilt or innocence of the accused, from the case made by all the facts and circumstances, without the intervention of the court singling out the bare fact of possession of the lost goods, which was two months and fifteen days, as appears from the evidence, after they were lost or taken. *Fackler v. Chapman*, 20 Mo. 253; *State v. Hundley*, 46 Mo. 421; *State v. Smith*, 53 Mo. 271; Wag. Stat. 1106, § 30. Recent possession of stolen goods, unexplained by the party so found in possession, naturally suggests a circumstance of guilt to the suspicious minds of men, without the double force it has, as they consider it emanating from the intelligence of a learned judge. To tell the jury that the State has made out its case, if the defendant has failed to explain a single fact, it does seem to me is weighing the sufficiency of the testimony within the meaning of the statute which forbids such; it usurps the power of the jury to entertain a reasonable doubt of the guilt of a defendant, if they cherished such. *Chaffee v. U. S.*, 18 Wall. 544. The statute (Wag. Stat. 1101, § 1) declares that all issues of fact in a criminal cause shall be tried by a jury. The effect of this second instruction was to withdraw from the jury the real issue: Is the defendant guilty or not

guilty, by substituting the question: Is the possession of the property satisfactorily accounted for? *State v. Gray*, 37 Mo. 463; *State v. Bruin*, 34 Mo. 540. The burden of proof rests upon the State throughout in a criminal case, to prove the charge as laid against the accused, and never shifts upon the defendant—the burden is only on the defendant to establish any independant fact or issue that he affirms, for instance, insanity or former conviction, or any other matter in avoidance. In these cases the burden is not one that has shifted upon him, but one that he assumes of his own volition. If this position is not true, then trial by jury in a criminal cause is a farce and a delusion. 18 Wall., *Chaffee v. U. S.* 544; 7 Blackford, *Doty v. State* 427; 1 Gray, *Commonwealth v. McKie* 61; 26 Maine, *State v. Flye* 312.

*J. L. Smith*, Attorney General, for the State, cited *State v. Gray*, 37 Mo. 463; *State v. Williams*, 54 Mo. 170; *State v. Lange*, 59 Mo. 418.

NORTON, J.—Defendant was indicted at the November term, 1876, of the criminal court of Jackson county for grand larceny. At a subsequent term of said court he was tried and convicted. Motions for new trial and in arrest of judgment having been filed and overruled, he brings his case here by appeal. The counsel for defendant insists that the court erred in giving the second instruction on the part of the State to the effect that the " possession of property proven to have been recently stolen, is presumptive evidence of the guilt of the party in possession, unless such possession is satisfactorily explained or accounted for." While the instruction is open to verbal criticism, and the principle announced in it might have been expressed in a form more hypothetical, yet, when it is considered in connection with the first instruction given, the first given for defendant, and the one given by the court of its own motion, we think the law applicable to the case was fairly given, and that the possession referred to by the

court could have been understood in no other sense than as a possession of the goods, recently after they were stolen. That such possession raises a legal presumption of guilt, which is taken as conclusive, unless explained by direct evidence, or by the attending circumstances, or by the character and habits of life of the possessor or otherwise, is established law. Green. Ev. Vol. 1, § 34; 37 Mo. 463; 54 Mo. 170; 59 Mo. 418; 38 Mo. 372; 15 Mo. 349. The declaration, therefore, made by the court, that to free such possession from the presumption of guilty possession, which the law attaches to it, it must thus be explained, cannot properly be considered as a mere commentary on the evidence, nor as an invasion of the province of the jury, especially when the court, in an instruction given on its own motion, directed them to take into consideration the length of time shown by the evidence to have elapsed between the taking and finding of the property mentioned in the indictment, the nature of the property, and also, the evidence respecting defendant's character, and give to each and all these facts, in connection with other facts proven, such weight as they deemed them entitled to. The second instruction refused on the part of the defendant, was argumentative; the third, fourth, fifth and sixth, were embraced in the first given for defendant, and were therefore properly refused.

If the conviction in this case rested alone on the simple fact of the possession by defendant of the watch stolen, two and a half months after it was stolen, we might hesitate to affirm the judgment in view of the proof made as to defendant's character. But it does not so rest, for defendant in accounting for his possession of the watch, claimed that it had been given to him by his father in Ohio, in August preceding the September in which it was stolen, and also denied that there was any chain belonging to the watch other than the one attached to it when he was arrested, when upon an examination of defendant's trunk the chain attached to the watch when it was stolen, was

found therein. We think the evidence sustained the finding of the jury. Judgment affirmed, in which the other judges concur.

AFFIRMED.