BENJAMIN D. WHITAKER, Appellant, *v.* R. S. McCORMICK ET AL., Respondents.

### June 4, 1878.

1. Where the article sold is not present, and the purchaser has never seen it, if the vendor sell it by a specific description, whose meaning is a matter of common understanding between the parties, there is always an implied guaranty that the article sold, when delivered, shall be of the particular description.

2. Where one is bound to protect another from a liability, he is bound by the result of a litigation to which such other is a party, provided he had notice of the litigation, and power to control and manage it.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

G. M. STEWART and H. E. MILLS, for appellant, cited: *Strong* v. *Insurance Co.*, 62 Mo. 289.

HENRY T. KENT, for respondents: There can be no implied warranty in this case, from the fact that where a party examines, or has an opportunity to examine, the quality or condition of a chattel in existence, the rule of *caveat*

*emptor* does not admit of exception, and there can be no implied warranty under such circumstances. — Benj. on Sales (2d Am. ed), sect. 644 ; 1 Pars. on Con. (6th ed.) 582 ; *McCormick* v. *Lawson*, 45 N. Y. 265 ; *Dennison* v. *Foster*, 42 N. H. 165 ; *Hart* v. *Wright*, 17 Wend. 277 ; *Humphreys* v. *Comline*, 8 Blackf. 516 ; *Kohl* v. *Lindley*, 39 Ill. 204 ; *Salisbury* v. *Stainer*, 19 Wend. 159 ; *Wilson* v. *Shackleford*, 4 Rand. 7 ; *Lindsay* v. *Davis*, 30 Mo. 406.

LEWIS, P. J., delivered the opinion of the court.

On June 13, 1873, defendants were proprietors of the Advance Elevator, in East St. Louis, and sold to plaintiff, at the Merchants' Exchange in the city of St. Louis, five car-loads of " No. 2 white mixed corn," then stored in the elevator. On the same day plaintiff sold the same corn, by the same name and description, to Scott, Collins & Co., on whose account it was shipped to Savannah, Georgia. Upon arrival at Savannah the corn was found to be in a damaged condition, which necessitated its sale by auction at a loss. Scott, Collins & Co. sued and obtained judgment against the plaintiff in this suit for breach of warranty as to the soundness and quality of the corn. Plaintiff paid off the judgment, and instituted this proceeding to obtain indemnity from his vendors. The verdict of a jury in the Circuit Court was for the defendants.

An important preliminary question is, whether in either or both of the sales there was a warranty of soundness or good quality in the article sold. Nothing appears to have been said about a warranty. While it may be true that in Missouri a warranty of grade or quality is not to be inferred from the price received by the vendor, yet when the article sold is not present, and the purchaser has never seen it, if the vendor sell it by a specific description, whose meaning is a matter of common understanding between the parties, there is always an implied guaranty that the article, when delivered, shall be of that particular description, and not of

a different one. The testimony in this case tended to show that the term " No. 2 white mixed corn " was specifically descriptive. It identified a particular grade or degree of soundness and of fitness for shipping, which could not be mistaken for any other. If that grade or degree was wanting at the time of the sale and delivery, there was a breach of the guaranty. There was testimony from which the jury might find a guaranty and a breach in either transaction.

The material question in the present controversy is, whether the defendants were concluded by the judgment obtained by Scott, Collins & Co. against the plaintiff. The Circuit Court admitted the record in evidence, but in the giving and refusing of instructions directed the exclusive attention of the jury to the inquiry whether the corn was in fact within the description represented at the time of the sale by defendants to the plaintiff. This was manifestly erroneous.

It appeared from the testimony that immediately upon the receipt of notice by the plaintiff of the unsound condition of the corn, and of the claim for indemnity preferred by Scott, Collins & Co., he gave notice thereof to the defendants ; and when the suit was commenced against him, he caused a copy of the petition to be delivered to defendants, and requested them to aid him in the defence. It further appeared that the defence was conducted skilfully, diligently, and faithfully by the present plaintiff, and that one of the present defendants testified as a witness in the trial. Unless it can be shown that the breach of contract for which Scott, Collins & Co. sued the plaintiff was of a different character from that which the plaintiff here asserts against the defendants, the case was clearly within the rule succinctly stated by our Supreme Court in *Strong* v. *Phœnix Insurance Company*, 62 Mo. 295 : "Where one is bound to protect another from a liability, he is bound by the result of a litigation to which such other is a party, provided he had

notice of the litigation, and opportunity to control and manage it." In 2 Phillips on Evidence, 9 (Cowen & Hill's and Edwards's note 253), the rule, as deduced from numerous authorities, is presented thus: "Where * * * a party has a right of recovery over secured to him, either by operation of law or express contract, and he has given the person so responsible due notice of the suit, the judgment, if obtained without fraud or collusion, will be conclusive evidence for him against such person upon every fact established by it."

The defendants here endeavor to avoid the application of the rule by means of a supposed difference between the two cases. They allege that, as between them and the plaintiff, the guaranty, if any, was to the effect that the corn was in proper condition at the time of the sale; whereas the plaintiff's undertaking with Scott, Collins & Co. assured the soundness of the corn when afterwards shipped, and throughout its transportation to Savannah. But the record does not justify this distinction. In the petition of Scott, Collins & Co. they allege that "they purchased said corn upon the statements and representations of defendant as aforesaid, and without ever having seen or examined the same, or a sample thereof, before the purchase; that at the date of said purchase said corn was wet and damp, and was not, as warranted by defendant, No. 2 white mixed corn," etc. The issues upon these allegations appear to have been the chief ones upon which the cause was tried. The plaintiff's material allegations in the present case are the exact counterpart of those upon which Scott, Collins & Co. relied in the former suit. The testimony tended to show that the two sales occurred on the same day, at the same place, and within the same half-hour. It is not to be supposed that there was any material change in the condition of the corn between the two transactions.

Against the plaintiff's objections, defendants were permitted to prove that the plaintiff's agent or partner saw

some of the corn and pronounced it good, after both sales had been consummated ; and also that there was an official inspector in the service of the Merchants' Exchange, by whom the corn could have been examined upon plaintiff's request.    All this testimony was immaterial and inadmissible.    The plaintiff had a right to rely on the defendants' representations alone ; and if, in so doing, he in good faith incurred a corresponding responsibility to his vendees, and a loss resulted, his right of indemnity from the defendants became complete.

The judgment will be reversed, and the cause remanded for a trial in accordance with the views herein expressed. All the judges concur.