State of Missouri, Respondent, *v.* James Kelly and Henry Johnson, Appellants.

### February 8, 1881.

1. Where stolen property is found in the possession of a person shortly after the theft, the presumption that the possessor is the thief is one of fact.

2. The failure of one in possession of stolen property to explain his possession in a manner consistent with innocence, does not make the presumption that he is the thief conclusive.

3. The question as to whether one in the unexplained possession of stolen property is the thief must be dealt with by the jury alone, as an inference of fact.

4. The giving of an erroneous instruction is not a ground for a reversal, where there has been no attempt at a defence which the instruction could affect.

5. It is no objection to an instruction that it is partly written and partly printed.

6. Where the defendants in a criminal case are the only witnesses for the defence, an instruction that if the jury believe that any witness has wilfully sworn falsely to any material fact in the cause, or is unworthy of credit, they may disregard his testimony in whole or in part, is not objectionable.

Appeal from the St. Louis Criminal Court, Laughlin, J. *Affirmed.*

Thomas B. Harvey, for the appellants: It is error to instruct the jury that they have the right to disbelieve such as in their judgment are unworthy of belief. — Thomp. on Charg. Jury, 61, sect. 38; *Evans* v. *George*, 80

Ill. 62; *The State* v. *Elkins*, 63 Mo. 159. When the
words "material facts" are used in an instruction, they
should be explained. — *Digby* v. *Insurance Co.*, 3 Mo.
App. 603. The charge to the jury must be in writing. —
Rev. Stats., sect. 1920. Burden of proof never shifts to
defendant. — 1 Bishop's Cr. Proc. (3d ed.), sects. 1048–
1051; 2 Bishop's Cr. Proc., sects. 599, 669, 741, 743, and
cases there cited; *Ake* v. *The State*, 6 Texas Ct. App. 398;
*United States* v. *Haywood*, 2 Gall. 485–498; *Chaffee* v.
*United States*, 18 Wall. 516; *The State* v. *Wingo*, 66 Mo.
183. There is no legal presumption of guilt from posses-
sion of recently stolen property. — Whart. Cr. Ev., sects.
716, 758; 3 Greenl. on Ev., sect. 31; *Fackler* v. *Chapman*,
25 Mo. 249; *The State* v. *Bruin*, 34 Mo. 537; *The State*
v. *Gray*, 37 Mo. 463; *The State* v. *Williams*, 54 Mo. 170;
*The State* v. *Robbins*, 65 Mo. 444; *The State* v. *Hodge*,
50 N. H. 510. Rebuttal of presumption from possession
should not be limited to accounting for such possession. —
*The People* v. *Chambers*, 18 Cal. 383; *Chaffee* v. *United
States*, 18 Wall. 516.

J. C. NORMILE, for the respondent: The possessor of
recently stolen property is presumed to be the thief; and
this presumption becomes conclusive unless he explains such
possession in a manner consistent with his innocence. —
*The State* v. *Wolff*, 15 Mo. 169; *The State* v. *Bruin*, 34
Mo. 537; *The State* v. *Williams*, 54 Mo. 171; *The State*
v. *Lang*, 59 Mo. 418; *The State* v. *Hill*, 65 Mo. 84.

LEWIS, P. J., delivered the opinion of the court.

The defendants appeal from a conviction of grand lar-
ceny. The testimony tended to prove that a trunk and
contents were stolen, that soon afterwards the articles
were found in the defendants' possession, and that the de-
fendants could not satisfactorily account for such posses-
sion. The court instructed the jury that, "where property
has been stolen, and recently thereafter the same property,
or any part thereof, is found in the possession of another,

such person is persumed to be the thief, and if he fails to account for his possession of such property, in' a manner consistent with his innocence, this presumption becomes conclusive against him.''

It is an old and familiar principle that the possession, unexplained, of recently stolen property, raises a presumption, more or less effective, according to circumstances, against the person so having possession. But the phraseology in which the principle sometimes finds expression, is far from accurate, and may convey, in literal interpretation, what was never intended by the standard authorities. Properly stated, the presumption is one of fact, and not of law. Presumptions of law, so called in this connection, are, more properly, conclusions — as that, upon a given state of facts, certain legal consequences must follow. Such must be declared by the court, and the jury cannot modify them. But presumptions of fact — as that of innocence of the accused, and the one we are considering — are within the jury's control, and may be set at naught in view of countervailing facts.

The presumption under consideration is not by any means a declaration of the law — as of guilt or innocence — which attaches itself to a given state of facts found. It is simply a deduction, or inference, that the existence of one fact — the unexplained possession — indicates the co-existence of another fact, to wit, that the possessor is the person who stole the property. Can it be possible for a court to say that one of these facts *conclusively* establishes the other fact, without invading the province of the jury? It is contended for the defendants that such is the effect of the instruction given in the present case.

In *The State* v. *Hodge*, 50 N. H. 510, the court said, with reference to the presumption we are considering: '' It has none of the characteristics of law. Whether it be found by the judge or the jury, the judge and the jury must be equally unconscious of finding in it any semblance of a legal principle, however much good sense may appear in the result arrived at. Being a presumption of fact, it should,

according to our practice, be drawn by the jury, and not by the court. * * * When judges [in England], following the common practice of giving the jury their opinions of the facts and the weight of evidence, had charged juries year after year, for a great length of time, that possession of stolen property was presumptive evidence of guilt, or raised a presumption of guilt, this form of judicial instruction finally came to be considered as the law of the land. Whether it was matter of fact or matter of law, was practically immaterial. * * . * The uniform practice of the judge giving the jury his opinion on any matter of fact on which he saw fit to aid them in any way, was unquestioned." Here we find, doubtless, the origin of a formula altogether appropriate in the English practice, but totally at variance with our system, which so carefully guards the sovereignty of the jury over the domain of fact.

The best American writers have perceived the necessity of modifying the English doctrine in its adaptation to our jurisprudence. But in the methods employed there appears sometimes a singular inexactness, which would seem to have given some color of authority for the instruction as framed in the present case. Greenleaf says : " But possession of the fruits of crime recently after its commission, is *prima facie* evidence of guilty possession ; and if *unexplained* either by direct evidence, or by the attending circumstances, or by the character and habits of life of the possessor, or otherwise, it is taken as *conclusive.*" 1 Greenl. on Ev., sect. 34. In an able opinion by Judge Norton, our Supreme Court appears to have followed, without criticism, this treatment of the subject. The error which it embodies is, however, carefully avoided in the conclusions applied to the case. *The State* v. *Robbins*, 65 Mo. 443.

By " attending circumstances " may fairly be understood, as one example, the proofs of an *alibi;* which, if established, would of course completely destroy any injurious presumption arising from the fact of possession. But

how is it possible to "explain" the possession by proving that the possessor was a thousand miles away from the place of the taking? Or, how can "the character and habits of life of the possessor" give information of the manner in which he acquired the possession? Each of these inquiries implies its own answer. The truth is, there are sufficient defences against the presumption arising from possession, which do not explain the possession. Therefore, the presumption is not conclusive without explanation of the possession. The very conditions introduced by Greenleaf show that the presumption is one of fact, which may be overturned by independent and repelling facts. Therefore it cannot be, under any circumstances whatever, a conclusive presumption of law. Even Greenleaf himself, in another part of the same excellent work, says that the presumption under consideration is "not conclusive, but disputable, and therefore to be dealt with by the jury alone, as an inference of fact." 3 Greenl. on Ev., sect. 31. How can this be true if the court may nevertheless control the finding, by telling the jury that, under certain conditions, the presumption must be treated in their minds as conclusive?

If the instruction given in this case were qualified, even after the faulty method of Greenleaf, with the conditions of "attending circumstances," "character and habits of life of the possessor," etc., as explanatory of the possession, it would be less objectionable than in its present shape. But it declares broadly that there is no escape for the possessor "if he fails to account for his possession of such property in a manner consistent with his innocence." This would deprive him of all benefit of a pure and upright character, or of an *alibi*, if one were proved. For it is not to be supposed that jurors would, without explanation to that effect, consider either of these defences as an accounting for his possession of the stolen property, whether in a manner consistent with his innocence or otherwise.

The circuit attorney refers us to a number of Missouri

cases as sustaining the instruction in the form here presented. While it cannot be said that, having reference to the distinctions herein discussed, our Supreme Court's rulings have been harmonious, it is yet true that none of them squarely indorse the doctrine of this instruction. Except in one or two of the very early cases, the nearest approach is in *The State* v. *Robbins, supra.* There, the jury were instructed that " possession of property proven to have been recently stolen is presumptive evidence of the guilt of the party in possession, unless such possession is satisfactorily explained or accounted for." The court considered the instruction open to verbal criticism, but refused to reverse, in view of the fact that the trial court had, in another instruction, directed the jury's attention to the evidence respecting the defendant's character, together with other facts, telling them to " give to each and all these facts, in connection with other facts proven, such weight as they deemed them entitled to." The language of the instruction in the case before us is of more injurious tendency, and is accompanied by no such corrective explanation. In *The State* v. *Bruin,* 34 Mo. 537, the instruction given was of like effect with that in the present case, and the same objections were urged against it that are here presented for the defendants. Said the court : " The fact that a party may not be able to show how and when he acquired possession of the property, is by no means conclusive of his guilt. * * * The instruction given by the court was calculated to mislead the jury, by creating the impression that nothing short of proving how the possession originated would suffice as a defence ; thus taking from the consideration of the jury any other element of defence that might be introduced in the case." The judgment was reversed.

We will not occupy space with a review of all the decisions. The two foregoing furnish a fair indication of their general treatment of the subject. In none of them is it assumed, as is done by this instruction, that the possessor of stolen property is confined to the single defence of ac-

counting for its possession in a manner consistent with innocence.

We have dwelt thus at length on these propositions, not so much because of their application to the present case as for the purpose of drawing attention to the distinctions involved, and of furnishing a guide for future trials. The instruction, as a general statement of the law governing such cases, is vicious. But it could not possibly have prejudiced the rights of the defendants in this case. There was no attempt at any defence which it was possible for the instruction to impair. The only effort made by the defendants was to explain their possession of the stolen property. The explanation failed to satisfy the jury, and hence the conviction. Had the instruction been properly guarded in all other respects, the result must have been the same.

Part of the instruction complained of, relating to the general presumption of innocence in criminal cases, was in writing. The latter part, which is quoted above, was printed. It is objected for error that this gave an especial prominence, or emphasis, to the printed part, which was prejudicial to the defendants. We see nothing in the point. It might be argued with equal propriety that especial prominence and emphasis were given to the first part of the instruction because it was in writing, while the other part was not. We are referred to *Digby* v. *Insurance Company*, 3 Mo. App. 603, as showing that the use of the expression "material fact," in in an instruction, is erroneous if not accompanied with an explanation. The opinion in the case referred to holds no such theory. The objection there made was peculiarly adapted to the frequent and confusing applications of that expression in the instructions given, and not to any general necessity for defining its import.

The court, of its own motion, gave the following instruction : —

"You are the sole judges of the credibility of the witnesses who have taken the stand and testified before you. With this the court has nothing to do, and if you believe

that any witness is unworthy of credit, or that any one of them has wilfully sworn falsely to any material fact in the cause, you are at liberty, if you think proper so to do, to disregard the whole or any part of such witness's testimony."

It is objected that the jury were thus authorized to reject, arbitrarily, the testimony of any witness, by mere caprice or whim, without any reasonable ground therefor. We do not consider the point well taken in this case. The only witnesses who testified for the defence were the defendants themselves. Their position before the jury was, in itself, a certain cloud upon their credibility. Had the jury been told that they might consider this fact in weighing their testimony, no complaint could justly have been made. We do not perceive how the defendants have lost anything by the omission of that charge in explanation of what was given. The instruction could not operate upon any testimony, excepting that of the defendants. As to them and their testimony, a possible disbelief by the jury would be naturally referable to causes other than a mere arbitrary whim or caprice.

We do not find from the record that the defendants' rights were prejudiced by any action of the court below. It is unquestionable that such irregularities as we have noticed had not the least influence in determining the verdict. There is, therefore, no rational ground for a reversal. The other judges concurring, the judgment is affirmed.