S. F. CATCHINGS ET AL., Respondents, *v.* J. H. HACKE ET AL., Appellants.

### January 29, 1884.

1. CONTRACTS — BREACH — SALE BY GRADE. — In an action for a breach of contract for the delivery of a certain quality of grain, the purchaser need not show an inspection of the grain before shipment.

2. GUARANTY — SALES BY GRADE. — The sale of an article of merchandise which the purchaser has not seen, by a specific description known to the

parties, implies a guaranty that, when delivered, the article will be of the particular description; but this guaranty has no reference to quality or value.

Appeal from the St. Louis Circuit Court, Adams, J. *Affirmed.*

Overall & Judson for the appellants: Waiving all controverted questions of fact, we submit that there is no implied warranty of quality of chattels in the absence of fraud, and the buyer has full opportunity to inspect. — Benj. on Sales (3d Am ed.) sects. 644, 656, 657; *Barnard* v. *Kellogg*, 10 Wall. 389. In the absence of an express warranty of quality, it is the duty of the buyer to inspect. — *Pearce* v. *Copp*, 67 Barb. 132, cited in Benj. on Sales, sect. 700, note; *Chicago Packing and Prov. Co.* v. *Tilton*, 87 Ill. 547.

Phillips & Stewart, for the respondents, cited *Whitaker* v. *McCormick*, 6 Mo. App. 114.

Lewis, P. J., delivered the opinion of the court.

Plaintiffs purchased of the defendants, by oral agreement on the floor of the Merchants' Exchange, three car loads of "No 2 white mixed corn," which the defendants were to deliver by shipping the same, free, to Harris & Bro., at Meridian, Miss. The shipment was made, and the buyers paid the price agreed upon, which amounted to $1,361.18. Afterwards, it appeared that the article shipped was not No. 2 white mixed corn, according to the established mercantile classification, but was a grain of inferior quality and value, having no commercial grade. The corn was sold by the consignees for a price less than that paid by the plaintiffs, and this suit is for a recovery of the difference between the two values. The court, sitting as a jury, heard the testimony, and gave judgment in favor of the plaintiff, for $346.46.

The defendants attempt to show that the terms of the contract required of them nothing more than a delivery of

corn then stored in the East St. Louis grain elevator, in what was known as the regular No. 2 white mixed bin of that elevator ; that the shipment was in fact made from that bin, and elevator receipts to that effect were surrendered by the defendants ; wherefore, there was no violation of their contract. It distinctly appears from the finding of the court, under its declaration of law, that there was no such provision in the contract ; that the defendants sold the corn by a specific description of the article, and not by a designation of the place of storage. It is impossible to see how there could have been any other finding upon the testimony in the record.

A point is made upon the fact that the plaintiffs declined to have the grain inspected, at their expense, before the shipment. The inspection rules of the Merchants' Exchange were put in evidence. We can not perceive that they have any bearing on the controversy. The seller, making delivery without the presence of the buyer, may well fortify himself with an inspection, so as to prove that the goods delivered were of the sort bargained for. But the buyer needs no protection, beyond the undertaking of the seller. To say that he can not deny fulfilment by the seller, without a certificate from the inspectors, would be to substitute a dependence upon the inspectors, in place of his contract rights under the law. There is nothing in the point.

Defendants say that the plaintiffs ought not to recover, because there was no express warranty as to quality or value of the subject of sale. The question is not in the case. As was explained in *Whitaker* v. *McCormick* ( 6 Mo. App. 114), the sale of an article which the buyer has not seen, by a specific description whose meaning is a matter of common understanding, and known to the parties, always implies a guaranty that the article, when delivered, shall be of the particular description. This guaranty has no reference to either quality or value, and depends upon

no warranty of either. It is as if A should sell a horse to B, and deliver a cow instead. It would not help A's breach of contract, to set up that the cow was worth as much as the horse, or that there was no warranty of value. The testimony in this case shows that "No. 2 white mixed corn" is distinctly descriptive of a particular article, according to a known mercantile classification, and that the grain which the defendants delivered was not of that description. The court, of its own motion, declared the law thus : —

"If plaintiffs and defendants are partners, as alleged, and if the defendants agreed to sell to the plaintiffs four hundred and fifty-four sacks of a quality and grade of corn known and understood by them, and in this market, as No. 2 white mixed corn, and so designated and called in the agreement, with no definite provision agreed to by them as to the place from which the corn was to be taken, and if the defendants agreed to deliver the same to the plaintiffs by shipping the same free on board the boat to W. S. Harris & Bro., Meridian, Miss., and if the defendants delivered on board the boat, consigned to said Harris & Bro., corn that was not No. 2 white mixed corn, as so known and understood, but of a quality inferior thereto and of less value, and if the plaintiffs before learning such facts paid to defendants the full contract price for the corn as purchased, then the plaintiffs are entitled to recover in this action the difference, at the time and place of delivery, in the value of the corn so purchased and that of the corn so delivered, not to exceed, however, one thousand dollars."

This instruction covers the whole case made by the proofs, and correctly declares the law. Defendants asked for some instructions which were at variance with this, and which were properly refused. No point is saved as to any other feature in the record, outside of the instructions given or refused. The appeal is without the least merit.

The judgment is affirmed, with ten per cent damages. All the judges concur.