H. N. Voss, Respondent, v. W. H. McGUIRE, Appellant.

Kansas City Court of Appeals, June 15, 1885.

1. CONTRACT—WARRANTY—CASE ADJUDGED.—The contract of sale in this case contained an implied warranty, being a sale of wool by sample. "In a sale by sample, the seller warrants the quality equal to sample." Benjamin on Sales, Vol. II, p. 847. And "a sale by description imparts a warranty that the property sold is of that description." *Ibid.*

2. FAILURE OF CONSIDERATION—PLEADING.—In a sale containing an implied warranty, and a suit brought by the seller for the contract price, the buyer has a right to set up the defective quality of the warranted article in diminution of the price. Benjamin on Sales, Vol. II, p. 1155. The defence is that of a partial failure of consideration, and not as, properly speaking, a counter-claim by way of set-off or *recoupment.* And this right of defence is not lost by the buyer receiving and accepting the article.

APPEAL from Polk Circuit Court, HON. R. W. FYAN, J.

*Reversed and remanded.*

Statement of case by the court.

This suit was begun before a justice of the peace on an account for—

343 3-4 pounds of wool at 35 cents.......$120.30
7 sacks...............................  1.70
                                       _____
                                       $122.00

And credited by—
Goods........................ $8.65
Cash......................... 13.00
                            _____
                                       21.65
                                       _____

Balance due......................$100.35

Upon a trial in the circuit court, the plaintiff offered evidence tending to show that about May 1, 1882, he contracted and sold his wool to defendant by a sample shown him, at 35 cents per pound, and that on May 13 he delivered 343 3-4 pounds of the class and kind of wool, and in the condition agreed on, and four sacks worth $1.70; that on May 15 he demanded payment, which was refused, and that the wool had not been returned.

The deposition of Mrs. Newton was also read, in which she testified that she assisted to wash, pick, and sack part of the wool sued for; that the portion which she handled was washed three and four times, well picked, and dry when sacked; that she knew nothing of the condition of the other wool, except what had been told her.

The defendant offered evidence that he contracted with plaintiff to have delivered to him wool in first-class, merchantable condition, and that the wool delivered was not such as was contracted for.

This was all the evidence.

The following instructions were given for the plaintiff:

"1. The court instructs the jury that one party can not keep the property of another and refuse to return or pay for the same. And if the jury believe that McGuire (the defendant) did this, or attached any condition as to the return of the property, then said defendant is estopped from claiming that said wool, as delivered, was

not up to the standard of the contract; but if the jury believe that a proposition was made by Voss to return the goods and money, and McGuire agreed to such condition, then it was Voss's duty to return the goods and money before he could demand the wool.''

The second instruction told the jury that they were to give the same weight to Mrs. Newton's deposition as if she had testified in person.

The third told the jury that the plaintiff was not responsible for the condition of the wool after it left his possession, and that if the condition was changed after leaving his possession, either by handling or otherwise, this fact ''should be taken into consideration in making up the verdict.''

The fourth was to the effect that if the wool was delivered in the condition agreed on, the plaintiff was entitled to thirty-five cents per pound for the number of pounds delivered; and the fifth directed the jury to add six per cent. interest from the date of demand.

For the defendant, the court instructed the jury, (1) that the burden was upon the plaintiff ''to show that he delivered such wool as he contracted for;'' (2) that unless McGuire's offer for the wool was accepted by the plaintiff, it was not now binding on the former; (3) that if the defendant accepted said wool without examining it, and afterward ascertained that it was not such as was contracted for, the plaintiff was only entitled to recover what it was shown to be worth; (4) that if the wool was damp or wet when weighed, the plaintiff could only recover for the number of pounds it weighed when it became dry.

The following instructions, asked by defendant, were refused:

''5. The jury are instructed that if they believe from the evidence that Voss contracted wool to defendant, then, before he can recover, it devolves upon the plaintiff to show by a preponderance of evidence that the wool delivered was such as he contracted to the defendant.

''6. The court instructs the jury that if the plaintiff contracted with the defendant wool to be delivered in

first-class condition, and the jury further believe that the wool he did deliver was not in such condition, then the jury will find for the defendant, and the fact that he paid Voss makes no difference."

The verdict was for the plaintiff.

SMITH & KRAUTHOFF, with THEO. G. RECHOW, for the appellant.

I.   The *first* instruction for the plaintiff, as applied to the facts of this case, was grossly erroneous. The evidence showed a sale by *sample*, or by *description*, and in either case there is a warranty that the quality of the property sold equals the former or meets the latter ; and it is unnecessary that any words of express warranty be used. *Graff v. Foster*, 67 Mo. 512 ; *Carter v. Black*, 46 Mo. 384 ; 2 Benj. on Sales (Corbin's 4th Am. Ed.) sect. 969, p. 846 ; *Hogins v. Plympton*, 11 Pick. (Mass.) 97 ; *White v. Miller*, 71 N. Y. 118.

II.   The purchaser has a right to rely upon the warranty ; and, if the wool was not of the quality warranted, he has a right to retain the goods ; and, if he has not yet paid for them, either to recoup the damages flowing from the breach of the warranty, *or*, to plead the difference between the value of the property contracted for and that delivered as a partial failure of consideration. *Branson v. Turner*, 77 Mo. 489 ; *Compton v. Parsons*, 76 Mo. 455.

III.   The court erred in refusing the fifth and sixth instructions asked by defendant. These were to the effect that if the quality of the wool was fixed by contract, the plaintiff could not recover unless the wool delivered was such as was contracted for, as the plaintiff must show he has complied with his contract. *Dermott v. Jones*, 2 Wall. (U. S.) 1 ; 2 Benj. Sales, pp. 778 and 1152 ; *Eyerman v. Cemetery Association*, 61 Mo. 489 ; *Clements v. Yeates*, 69 Mo. 623 ; *Sandeen v. R. R. Co.*, 79 Mo. 278.

JOHN D. ABBE, for the respondent.

I.   The *first* instruction was right.   The wool was to

be paid for on delivery, and, when payment was refused, Voss had a right to demand the return of the wool. Benj. on Sales (Corbin's 4th Am. Ed.) sect. 335, *et seq*. Defendant refused to return it, but made another offer for it; sought to hold it, and compel another contract.

II. The instructions given, taken together, properly declare the law. Defendant could only rescind the contract, *or*, set up a total or partial failure of consideration. He refused to permit a rescission, and, having done so, elected to abide by the contract.

III. If he claimed a failure of consideration, in whole or in part, after the wool was sold and delivered to him, he must prove such failure, and show *how much* he is entitled to *recoup* out of the purchase price. This he wholly failed to do, but sought to retain the wool and defeat any recovery whatever. *Branson v. Turner*, 77 Mo. 489.

IV. After defendant had tried his case, and himself presented the *quautum meruit* theory, by his instructions three and four, given on his behalf by the court, he is now too late to complain on that account. The case was fairly tried, and the judgment ought to be affirmed.

Opinion by HALL, J.

1. The defendant complains of the action of the trial court in giving plaintiff's instruction numbered one.

That action of the court was erroneous. The contract of sale, whether it was such as the evidence of plaintiff tended to show, or such as the evidence of defendant tended to prove, contained an implied warranty. "In a sale by sample, the seller warrants the quality equal to sample." Benjamin on Sales (4th Am. Ed.) Vol. II, p. 847, note 26; *Graff v. Foster*, 67 Mo. 517.

"A sale by description imports a warranty that the property sold is of that description." Benjamin on Sales, *supra*, Vol. II, p. 844, note 24; *Whitaker v. McCormick*, 6 Mo. App. 114.

The sale containing an implied warranty, in this suit brought by the seller for the contract price, the buyer

had a right to "set up the defective quality of the warranted article in diminution of the price." Benjamin on Sales, *supra*, Vol. II, p. 1155, sect. 1353; *Branson v. Turner*, 77 Mo. 494; Saunders' Reports (Williams' 6th Ed.) Vol. II, Part I, 150 *b*, note *m*. This defence is that of a partial failure of consideration, and is not, properly speaking, a counter-claim by way of set-off or recoupment. (Same authorities.) The buyer, in an action of this kind, can obtain special damages only by way of counter-claim, which would have to be set up in the pleadings and established by proof. But a partial failure of consideration is not a counter-claim, and does not have to be specially pleaded, but may be proved under the general issue. *Carpenter v. Meyers*, 32 Mo. 215.

The right of the buyer to maintain as a defence, in this action, the defective quality of the warranted article in diminution of the price, was not lost by the buyer receiving and accepting the said article. Benjamin on Sales, *supra*, sects. 1351 and 1352; *Branson v. Turner*, *supra*.

2. The complaint made by the defendant of the action of the circuit court in refusing to give his instructions, numbered five and six, is not well made.

Instruction numbered five should not have been given, because, the wool having been sold and delivered to defendant, and retained by him, the burden of proof was on him to establish "a failure of consideration, total or partial, consequent upon a breach of the warranty." *Branson v. Turner*, *supra*.

Instruction numbered six was properly refused for the same reason, because, the wool having been delivered to defendant under the contract, and retained and accepted by him, "it did not follow that the plaintiff could recover nothing, if there was a false representation or breach of contract." *Branson v. Turner*, *supra*.

The judgment of the circuit court is reversed, and the cause is remanded. All concur.