ROBERT J. ASHFORD, Respondent, v. CONRAD SCHOOP, Appellant.

St. Louis Court of Appeals, November 28, 1899.

1. **Sale and Shipment**: QUALITY OF APPLES: QUESTION FOR JURY. Defendant through its broker sold and shipped plaintiff a carload of apples, which were accepted and paid for, plaintiff testified on the faith of a telegram from defendant as to the quality of the apples. Whether the apples were as represented in the telegram (in a suit for damages because not as represented), was properly submitted to the jury.

2. ———: IMPLIED WARRANTY. A party is as much bound by an implied as an express warranty, and a breach of either may result in damages.

3. ———: WARRANTY: NO WAIVER BY PLAINTIFF. Had plaintiff have accepted the apples after having made the partial examination that he did, he would have waived the conditions of the warranty and thereby lost his action, but he refused, it would seem, until further assured that the quality of the apples was "fancy," and thereby saved himself under the waranty.

Appeal from the City of St. Louis Circuit Court.—*Hon. Franklin P. Ferris*, Judge.

AFFIRMED.

*Kinealy & Kinealy* for appellant.

(1) Defendant was entitled to impeach witness Oehmig by reading in evidence his letter to defendant. Prewitt v.

Martin, 59 Mo. 325.   (2)   Defendant should have been allowed to read in evidence the copy of the telegram dated December 14, 1897, produced by him.   (3)   It was error to refuse defendant's instruction No. 4, because there was no evidence as to the value of the apples at St. Louis.   Barr v. City of Kansas, 105 Mo. 550.   (4)   The instruction (a) given by the court of its own motion is erroneous.   Barr v. Baker, 9 Mo. 850; Lindsay v. Davis, 30 Mo. 406; Summers v. Vaughan, 35 Ind. 323; Morehose v. Comstock, 42 Wis. 626; DaLee v. Blackburn, 11 Kan. 190; Tiedeman on Sales, sec. 193; Anthony v. Potts, 63 Mo. App. 517; Carter v. Black, 46 Mo. 384; Ransberger v. Ing, 55 Mo. App. 621; Matlock v. Meyers, 64 Mo. 531; Bath v. Jacobs, 63 Mo. App. 393; Chapman v. Railway, 146 Mo. 481.   (5)   Defendant's instructions No. 2 and No. 1 should have been given.   Anthony v. Potts, 63 Mo. App. 520; Stephens v. McKay, 40 Mo. 224. "In order that a statement may be construed to be a warranty, it must be a positive affirmation of a material fact, and not an indefinite or inexact praise of the goods."   *   *   *   "If the language used by the dealer admits of only one construction, the court must declare the statement to be a warranty or an irresponsible commendation of the goods, as the case may be. But, if the character of the language is doubtful, it is a question for the jury, to be determined by them under instructions from the court."   Tiedeman on Sales, sec. 193; Ransberger v. Ing, 55 Mo. App. 621.

*Lee W. Grant* for respondent.

(1)   Appellant's first point is not well taken because the letter excluded is not as favorable to defendant as the witness' testimony.   This letter only related to the first examination made by Oehmig of seven or eight barrels.   His deposition expressly says that the apples examined at that time were all right, so that there is no conflict between the deposition and

the letter. (2) The office copy of Schoop's telegram is clearly inadmissible. Plaintiff testified that the telegram which he received was the one delivered to him by the telegraph company. Markel v. Western Union, 19 Mo. App. 80. (3) Appellant's third point on measure of damages is founded on a misstatement of fact. He says plaintiff gave the market value of the apples as at Chattanooga. There is not a syllable of such testimony in the record, nor even in the abstract of appellant. (4) The apples were sold F. O. B. St. Louis, and not delivered at Chattanooga. The contract is always regarded as strong evidence of what the reasonable or market value is. Cary v. Gruman, 4 Hill, 625; Fisk v. Hicks, 31 N. H. 535; Page v. Parker, 40 N. H. 48. (5) A sale by description imports a warranty that the goods sold are of that description, and whether the vendee is able to inspect them or not, it is an implied term of the contract that the goods shall reasonably answer such description; if they do not it is unnesessary to put any other question to the jury. Long v. Armsby Company, 43 Mo. App. 253; Voss v. McGuire, 18 Mo. App. 477.

BIGGS, J.—This is an action for damages for an alleged breach of warranty in the sale of a car load of apples. The plaintiff is a dealer in fruit in the city of Chattanooga, Tennessee, and the defendant is engaged in the same business in the city of St. Louis. In December, 1897, W. G. Oehmig was a merchandise broker in Chattanooga and had been representing the defendant there in the sale of apples. On December 10, 1897, Oehmig solicited an order from plaintiff for a car load of apples to be shipped by defendant. After some telegraphic correspondence between Oehmig and defendant the former made the contract with plaintiff upon the following terms, to wit, the apples to be "fancy," and the price $3.10 per barrel on the cars at St. Louis. After the negotiations with Oehmig but on the same day the plaintiff

received from defendant the following telegram: "Is Oehmig authorized to order car of fancy apples for you, $3.10, with our selection to be accepted here. Answer." The plaintiff answered by wire. "You wired Oehmig half car fancy Ben Davis, balance Twig, Spys, Wine Saps, $3.10 St. Louis. We accepted, providing all are fancy. Quick shipment." When the car arrived at Chattanooga the plaintiff examined eight or ten barrels of the fruit, and believing it not to be of the quality bought he telegraphed the defendant as follows: "Examined several barrels, face end; all show some totally rotten, some specked. One barrel fifteen rotten, near top. Have been packed too long. You didn't examine. Not accepted. Awaiting reply." To this the defendant replied by wire: "Apples first-class in every respect. You certainly could not expect any other but cold storage stock which was packed last fall. There is not a bushel rotten in the whole car. You'l find them all right upon examination. Rush answer if you decline." Thereupon the plaintiff paid the draft for the price of the fruit which was attached to the bill of lading, and took possession of the shipment. The bill of lading stated that the apples were subject to inspection. It is claimed by the plaintiff that a thorough examination of the apples developed that the most of them were not fancy stock either in size or condition, and that many of them were rotten and specked. The present action is to recover the difference between the amount paid for the fruit (which is taken to be its market value) and its real worth. The jury returned a verdict for plaintiff for $131.35, upon which judgment was entered. The defendant has appealed.

The plaintiff read in evidence the deposition of Oehmig, who testified that soon after the apples arrived at Chattanooga he examined eight or ten barrels of the "Ben Davis" variety and found them in fair condition, and that he immediately wrote the defendant to that effect. He further testified that he subsequently examined the remainder of the fruit and

found it in bad condition, except thirty barrels of Ben Davis; that the apples were small and not fancy stock as represented and warranted by defendant.   The defendant offered to read in evidence the letter of Oehmig, which the court excluded. If the statements in the letter were contradictory of those made by Oehmig in his deposition, the defendant would have been prejudiced by the exclusion of the letter.   As it is the letter only corroborated the testimony of Oehmig.   This assignment is without merit and will be overruled.

The plaintiff read in evidence the last telegram from defendant to plaintiff, as above set forth.   The original dispatch as delivered by defendant to the telegraph company had been destroyed, and the defendant offered to read what purported to be his office copy, which the court excluded.   The only difference between the telegram delivered by the telegraph company to the plaintiff and the copy offered by defendant, is that the latter contains the word "re-examination," instead of "examination."   The telegram as delivered to the plaintiff was the best evidence.   In sending the dispatch the company must be regarded as the agent of defendant, and if any mistake was made in its transmission, the plaintiff can not be prejudiced on account of it.   Therefore, this assignment must also be overruled.

The plaintiff asked no instructions.   The court on its own motion gave the following:

(a)   "The court instructs the jury, that if you believe from the evidence, that upon the arrival of the car of apples the plaintiff made a partial examination only of the apples, and that before he made a sufficient examination to ascertain the condition and quality of the apples, and before he accepted them he received the telegram from defendant dated December 14 and read in evidence, and that he accepted the apples and paid the draft relying upon said telegram as to the condition and quality of the apples, and if you further believe from the evidence that the apples when shipped were not all fancy

stock (excepting as to the one barrel of culls which you will not consider), and were not of the quality and condition represented by defendant and purchased by plaintiff, then the plaintiff is entitled to recover the difference between the sum of $542.50 the amount of the draft paid by him and the reasonable market value of the apples in St. Louis at the time they were shipped. You are further instructed, the burden of proof is on the plaintiff to establish by greater weight of evidence the fact which will entitle him to a verdict under these instructions."

It is claimed by defendant that the foregoing instruction is erroneous because there was no evidence as to the value of the apples in St. Louis in their alleged bad condition. In proving the damage the plaintiff's witnesses assumed in their depositions that the contract price was the marketable price in St. Louis of the kind of apples that the defendant contracted to sell, and then the witnesses were allowed (without objection at the time or at the trial) to state the value of the fruit in its actual condition. Whether the witnesses were qualified to speak as to St. Louis values, does not appear, but as their testimony was admitted without objection the circuit court was warranted in the assumption that they were qualified to testify on the subject. This objection if valid comes too late.

A further objection to the instruction is that it assumes that the telegram of December 14 constituted in law a warranty that the fruit was fancy stock, whereas the language of the dispatch being ambiguous and of doubtful meaning it ought to have been left to the jury to say whether the defendant intended to warrant the apples to be of a particular kind or quality. Counsel misconceive the purport of the instruction. The warranty is to be found in the original agreement between Oehmig and plaintiff supplemented by the subsequent telegraphic correspondence between plaintiff and defendant. Clearly there was an implied if not an express warranty on the

part of defendant that the apples shipped were "fancy," that is extra large, free from specks and otherwise in good condition. Long v. Armsby Co., 43 Mo. App. 253; Voss v. McGuire, 18 Mo. App. 477. Conceding that the warranty was implied only, an absolute acceptance of the apples by defendant without objection and after a partial examination would have been a waiver of the conditions of the warranty. Orange Growers Ass'n v. Gorman, 76 Mo. App. 184 and authorities cited. To preserve his rights under the contract the plaintiff refused to accept the apples until he received further assurance that they would prove to be the kind and quality he had bought. Therefore it was proper for the court to leave it to the jury to say whether the plaintiff finally received the apples upon the faith of the telegram. We can find no fault with the instruction. Therefore the objections urged against it will be overruled.

The foregoing discussion answers all matters presented in the briefs. The judgment of the circuit court will be affirmed. All concur; Judge *Bond* concurs in result only.