THE CITY OF ST. JOSEPH v. THE UNION RAILWAY COMPANY, *Appellant.*

### Division One, June 19, 1893.

1. **Estoppel:** FORMER JUDGMENT: LIABILITY OF INDEMNITOR. Where one is bound to protect another from liability, he is bound by the result of the litigation to which such other is a party provided he had notice of the litigation and an opportunity to control its proceedings.

2. ———: ———: ———. The judgment in the prior suit is conclusive in the suit against the indemnitor only to the fact thereby established, for the scope of the estoppel created by the first judgment cannot be extended beyond the questions and issues necessarily determined by it.

3. ———: ———: ———: DEFECTIVE STREETS. An action was brought against a city for personal injuries resulting from defects in a street arising from the failure of a street car company to observe an ordinance requiring it to lay its tracks on a level with the street and to keep the space between them in good repair. The petition alleged that the street was full of holes and that the rails of the street car track were some four inches above the level of the street and that by reason thereof plaintiff was thrown from his wagon and injured. The street car company was notified of the action and rendered some aid in the defense. The jury was instructed that the city was liable and judgment was entered for plaintiff. *Held*, in an action over by the city against the street car company for the amount of such judgment, that the latter was conclusive only of the facts that the street was defective as charged, that by reason thereof plaintiff was injured and as to the amount recovered.

4. ———: ———: ———: EVIDENCE. The pleadings, verdict and judgment of the former action were properly admitted in the latter one.

5. ———: ———: ———: ———. It was error to exclude evidence offered by defendant that its tracks were laid, kept and maintained as required by the ordinance.

6. ———: ———: ———: ———. It was also error to permit plaintiff to read from the bill of exceptions, the evidence given on the former trial, for the reason that the petition and instructions given therein showed precisely on what grounds the jury found for the plaintiff.

7. ———: ———: ———: ———. The burden of proof was upon the city to show that the street car company was in fault because of the failure to comply with the ordinance and the record in the first suit did not make out a *prima facie* case for the city on that issue.

*Appeal from Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED AND REMANDED.

*Thomas F. Ryan* and *Kelley & Kelley* for appellants.

(1) The court erred in overruling defendant's objection to the introduction of testimony under plaintiff's

petition. It failed to state a cause of action. *Littleton v. Richardson*, 34 N. H. 179; *Garrison v. Babbage Transportation Co.*, 94 Mo. 130; *Russell v. Place*, 94 U. S. 608; *Packet Co. v. Sickles*, 5 Wall (U. S.) 592; 2 Black on Judgment, sec. 617; *Inhabitants v. Railroad*, 40 Mass. 34; *Robbins v. Chicago*, 4 Wall (U. S.) 357. (2) The court erred in admitting the bill of exceptions taken in the case of *Tippin v. St. Joseph*, to be read as evidence against the objections of defendant, the same being incompetent and secondary evidence and not a part of the record proper. Greenleaf on Evidence [14 Ed.], secs. 163 and 168, p. 218. *Morris v. Hammerle*, 40 Mo. 489; *Jackard v. Anderson*, 37 Mo. 91. (3) The court erred in admitting other irrelevant, incompetent and illegal testimony introduced on part of plaintiff over defendant's objection. (4) The court erred in overruling defendant's application for a continuance. The amendment was material. It stated a new cause of action. Defendant complied with the statute in filing its affidavit showing surprise and that the defendant could not be ready for trial. The court should have granted the continuance. (5) The court erred in overruling defendant's demurrer to the evidence at the close of plaintiff's case. The demurrer should have been given. There was no evidence introduced to show the defendant's liability to the city for the damages for which it was called upon to respond on account of the injury to Tippin. It was essential to a recovery to charge and prove that defendant's act caused the injury. *Robbins v. Chicago*, 4 Wall (U. S.) 357; *Inhabitants v. Railroad*, 40 Mass. 34; 1 Herman on Estoppel, p. 158; *Hooker v. Hubbard*, 102 Mass. 245. (6) To authorize a recovery in this suit, plaintiff must show that the issue submitted to the jury on which they found their verdict in the case of *Tippin v. St. Joseph* is identical with the issue in this case. If there

is even a doubt as to the fact of the issues being the same, plaintiff cannot recover in this action. *Packet Co. v. Sickles*, 5 Wall (U. S.) 590; *Russell v. Place*, 94 U. S. 606; *Tutt v. Price*, 7 Mo. App. 197; *Bell v. Hoagland*, 15 Mo. 257; *Wright v. Salisbury*, 46 Mo. 29; *Spurlock v. Railroad*, 76 Mo. 67; *Bell v. Merryfield*, 109 N. Y. 202; *Stowell v. Chambers*, 60 N. Y. 272; 2 Black on Judgment, secs. 617, 618, p. 617; Freemam on Judgment [4 Ed.], secs. 256, 259, 276 and 462, p. 256; *Littleton v. Richardson*, 34 N. H. 179; *Hooker v. Hubbard*, 102 Mass. 245; *Ireland v. Emerson*, 93 Ind. 1; *Cook v. Burnly*, 45 Texas, 97; *Van Valkenburg v. Milwaukee*, 43 Wis. 581; *Garrison v. Babbage Trans. Co.*, 94 Mo. 130. (7) The court erred in refusing to permit defendant to make proof in its behalf of the kind and to the effect proposed on the trial. Even though the plaintiff had shown by its testimony that the identical issue in this cause was the same issue submitted and adjudicated on the former trial, yet it is not conclusive, but only *prima facie*, and the defendant may rebut the same by parol testimony. *Hickman v. Mexico*, 58 Mo. 61; *Snorgrass v. Moore*, 30 Mo. App. 232; *Williams v. Iron Co.*, 30 Mo. App. 662; *Littleton v. Richardson*, 34 N. H. 179; 5 Wall *supra*, 591; *Miller v. Deaver*, 30 Ind. 371; Black on Judgment, page and sec. 628 and notes cited; Freeman on Judgment, [4 Ed.], pages and secs. 274 and 276. (8) The court erred in giving instruction asked by plaintiff directing the jury to find a verdict for plaintiff. Every issue of fact was controverted and put in issue by the defendant. It was the province of the jury and not of the court to determine the same. 2 Black on Judgment, sec. and page 631, and notes; *Wells v. Zeller*, 59 Mo. 509; *Perkins v. Walker*, 19 Vt. 144; *Glasgow v. Lindley*, Mo. 50 60; *Wood v. Jackson*, 8 Wendell, 36.

*Huston & Parrish* for respondent.

(1) "Munincipal corporations charged with the duty of keeping public ways in repair, have the right of indemnity against parties contracting to perform this duty who fail to fulfill it; and against parties who, by abuse of a license, or tortiously put such ways out of repair when such corporations have been compelled to pay damages to persons injured in consequence of such defect." 1 Sutherland on Damages, p. 137; *Chicago v. Robbins*, 2 Black (U. S.) 418; *Robbins v. Chicago*, 4 Wall (U. S.) 657; *Wohner v. Hinston*, 101 Mass. 193; *Brooklyn v. Railroad*, 47 N. Y. 475; *Rochester v. Montgomery*, 72 N. Y. 65; *Troy v. Railroad*, 49 N. Y. 657; *Ottumwa v. Packes*, 43 Iowa 119; Shearman and Redfield on Negligence [4 Ed.], sec. 301; 2 Thompson on Negligence, 789; 2 Dillon on Municipal Corporations [4 Ed.], sec. 1035, p. 1312. (2) Then the city having a right of indemnity over against the party through whose negligence it has been compelled to pay, may, by notice to such party of a pending suit therefor, make a judgment therein obtained binding on such party. Bigelow on Estoppel, p. 66; *Boston v. Worthington*, 10 Gray 496; *Portland v. Richardson*, 54 Maine 46; *Troy v. Railroad*, 49 N. Y. 657; *Brooklyn v. Railroad*, 47 N. Y. 475; *Strong v. Insurance Company*, 62 Mo. 289; *Hoyt v. Greene*, 33 Mo. App. 205; *Wood v. Enser*, 63 Mo. 194; cases cited under 1. (3) The petition in the Tippin case was comprehensive enough to include the issues in this case. In order to determine the identity of the negligent act, it was necessary to show what was the testimony on the former trial. The rules are: First, to determine the identity from the record. Second, if the allegations are so general that this cannot be done, testimony is admissible to show on what issues the recovery was actually had. *Hickerson v.*

*Mexico,* 58 Mo. 61; *Lightfoot v. Wilmot,* 23 Mo. App. p. 5; *Brown v. Welden,* 34 Mo. App. 373. (4) The evidence should be confined to the points in controversy on the former trial, to the testimony given by the parties, and to the questions submitted to the jury. *Packet Company v. Sickles,* 5 Wall. (U. S.) 580; *Rockwell v. Longley,* 19 Pa. St. 502; Black on Judgments, sec. 628.

BLACK, P. J.—William Tippin recovered a judgment against the city of St. Joseph for $6,000, compensation for personal injuries which he sustained by reason of a defective street. The judgment was affirmed on appeal to this court, and thereafter the city paid the judgment and then brought this suit against the defendant, a street car company, to recover the amount so paid to Tippin and the costs and expenses of that suit.

Tippin alleged in his petition that Sixth street, at a designated place, was unsafe and dangerous in this, to-wit: "The same was rough and uneven and there existed in the same excavations, gullies and holes; and in and along said street and near the center of the traveled portion of said street there was at said time a horse railroad track, the top of the rails of which were more than four inches above the surface of the street, all of which rendered said street defective, unsafe and dangerous. * * * That while plaintiff (Tippin) was driving along said Sixth street in a two horse wagon, his team became frightened and ran away and up and along said street and ran into and against and upon said holes, excavations and gullies and uneven places in said street, and on and against said railroad track, and was then and there and on account thereof thrown out of said wagon" and injured, etc.

The instructions given in that case made the city liable if there were holes and gullies in the street and

the rails of the street car track were several inches above the surface of the street, rendering it unsafe for travel. The jury were also told that, although the city did not place the street car rails on the street, still, if they were there and were higher than the rest of the street, so as to make the street unsafe and unfit for use, the city was liable for injuries resulting from such defects.

On the trial of this case, the city introduced evidence tending to show notice to the defendant of the institution of the former suit and that defendant took part in the trial of that case. The city put in evidence the pleadings, verdict, judgment and bill of exceptions in the former suit; also the following ordinance:

"The said company shall construct its track of flat iron rail from their present terminus on Market square to the southern limits of the city as near as may be to the center and even with the grade of the street on which it may be laid so that the flow of water in lateral and cross gutters is not obstructed thereby, and the space between the rails shall be kept in good repair by said company, so as not to obstruct passing and crossing or traveling on said streets by other vehicles."

The city rested its case on the foregoing evidence, and the defendant moved for a non-suit, which motion was overruled. The defendant then offered to prove that its tracks were laid, kept and maintained in compliance with the ordinance, but the court excluded the evidence. The court thereupon directed the jury to find for the plaintiff.

According to the ordinance read in evidence, it was the duty of the street car company to lay its track rails even with the grade of the street and to keep the space between the rails in good repair. If Tippin was injured by the failure of the street car company to perform these duties or either of them, then it is liable over to

the city for the damages sustained by Tippin.    This
proposition is not denied by the defendant.    It was
said in *Strong v. Ins. Co.*, 62 Mo. 289, that where one
is bound to protect another from liability, he is bound
by the result of a litigation to which such other is a
party, provided he had notice of the litigation and an
opportunity to control the proceedings.    And the rule
was reasserted in *Garrison v. The Babbage Transport-
ation Co.*, 94 Mo. 130.    The same principle of law is
thus stated in *Littleton v. Richardson*, 34 N. H. 187:
"When a person is responsible over to another, either
by operation of law or by express contract    *    *  ·  *
and he is duly notified of the pendency of the suit and
requested to take upon him the defense of it, he is no
longer regarded as a stranger, because he has the right
to appear and defend the action, and has the same
means and advantages of controverting the claim as if
he was the real and nominal party upon the record.
In every such case, if due notice is given to such
person, the judgment, if obtained without fraud or
collusion    *    *    *    will be conclusive against him
whether he has appeared or not."    This statement of
the rule was approved in *City of Boston v. Worthington*,
10 Gray, 496.    Indeed the rule is too well settled to
call for further citation of authorities.

But the judgment in the prior suit is not conclusive
evidence of all matters necessary to be proved by the
plaintiff in his suit against the indemnitor.    Thus the
question whether the relation exists which gives a
remedy over is, of course, open to inquiry.    Again,
the judgment in the first suit is conclusive only as to
the facts thereby established; for the scope of the
estoppel created by the first judgment cannot be
extended beyond the points and issues necessarily
determined by it.    2 Black on Judgments, sec. 574.

Now, looking to the pleadings and the instructions given in the suit of Tippin against the city, we see the jury must have found that there were holes and gullies in the street, and that the street car rails were higher than the surface of the street. The street car company having been notified of the commencement of that suit and afforded an opportunity to defend, the judgment therein is conclusive in this suit as to the following matters: *First*. That the street was in an unsafe and dangerous condition because there were holes and gullies in it and the street car rails were several inches above the surface of the street. *Second*. That Tippin was injured by reason of such defective condition of the street without fault on his part; and *third*, that he sustained damage to the amount of $6,000. But all this does not show a breach of duty on the part of the street car company. The unsafe condition of the street may have been due entirely to the negligence of the city in failing to keep the street surface in proper condition. It does not appear from the facts found in the first suit that the company failed to lay its track rails even with the grade of the street, or failed to keep the space between the rails in good repair. These are questions material in the present suit, but not litigated in the first suit. To the success of Tippin's suit it was not material to show that the street car company was in fault. It was enough to show a street in an unsafe condition. Whether the company was negligent in the performance of any duty devolved upon it by the ordinance was not an issue in the first case. The questions, therefore, whether the street car company made breach of any duty devolved upon it by the ordinance, and if it did, whether that breach caused the injury, are questions open to inquiry in this case. *Boston v. Worthington*, 10 Gray 496; *Littleton v. Richardson*, 34 N. H. 187; s. c. 66 American Decisions,

759; *Catterlin v. Frankfort*, 79 Ind. 547; 2 Black on Judgments, secs. 574, 575.

Applying these principles of law, it follows that the trial court rightly admitted in evidence the pleadings, verdict and judgment in the first case. But the court erred in excluding the evidence offered by the defendant; and it erred in giving a peremptory instruction to find for the plaintiff.

The court allowed the city to read in evidence the testimony of the witnesses given on the trial of the first case, as preserved in the bill of exceptions, and in this it also erred. No doubt but parol evidence may be often resorted to for the purpose of showing the identity of the matter litigated, where the record is silent on the subject, and the evidence found in the bill of exceptions may be used for that purpose. Such evidence often becomes competent to explain the judgment where there are a number of issues, the finding upon any one of which would support the judgment. (46 Mo. 26; 51 Mo. 51; 58 Mo. 61). But the principle can have no application here; for the petition and the instructions given show precisely upon what ground the jury found for the plaintiff. The facts found are that there were holes and gutters in the street and the car track rails were several inches above the surface of the street. This was the theory of fact and the only theory of fact upon which the case was submitted to the jury. All this is shown by the pleadings and the instructions given, and there was no occasion for resorting to further evidence to show what was litigated in the first suit.

In view of a new trial it may be added that the burden of proof is upon the city to show that the street car company was in fault because of a failure to comply with the ordinance, and the record in the first suit does not make out a *prima facie* case for the city on this

issue. The judgment is reversed and the cause remanded. The other judges concur. BARCLAY, J., expressing no opinion on that point wherein it is held by the foregoing opinion that the court erred in permitting the plaintiff to read in evidence on the trial of this case, the evidence contained in the bill of exceptions filed in the first case