AMERICAN SURETY CO. OF NEW YORK v. BALLMAN et aL

(Circuit Court, E. D. Missouri, E. D.   November 8, 1900.)

No. 4,272.

INDEMNITY—DISCHARGE OF INDEMNITORS—RIGHT TO DEFEND ACTION AGAINST INDEMNITEE.

A notice to an indemnitor to appear and defend an action on which his liability depends gives him the right to use all means of defense which would be open to him had he been made a party, including the right to prosecute an appeal or writ of error; and where indemnitors served with such notice employed counsel and contested the case, and after an adverse judgment sued out a writ of error and prepared the case for hearing in the appellate court, the action of the defendant in paying the judgment on the day set for such hearing, without the knowledge or consent of the indemnitors, not only rendered it ineffective as an adjudication against them, but, under the circumstances, which showed bad faith on the part of the defendant, operated to discharge them from liability on their undertaking.

Action at Law on Bond of Indemnity.

Eben Richards and Thomas W. Bullitt, for plaintiff.
Clinton Rowell and J. S. Laurie, for defendants.

ADAMS, District Judge. On August 5, 1895, a firm known as Tromanhauser Bros. entered into a contract with the Burlington Elevator Company to construct its elevator. Pursuant to the requirements of that contract, the American Surety Company, the plaintiff in this action, executed and delivered its bond in the penal sum of $50,000 to the elevator company, to secure the faithful performance of that contract. On or about the same day the defendants, Henry W. Ballman and Joseph Durfee, executed and delivered their bond to the American Surety Company to indemnify it against loss and damage by reason of its bond to the elevator company. Subsequently, on September 18, 1896, an action was brought in this court by the elevator company against the surety company to recover damages alleged to have been sustained by it by reason of a failure on the part of Tromanhauser Bros. to faithfully perform the obligations of their contract. Upon the institution of that action the American Surety Company, defendant therein, notified the defendants in this case thereof, and called upon them, as its indemnitors, to appear and defend the same. They did appear, and, by and with the consent and co-operation and in the name of the surety company, made a vigorous defense. That litigation resulted on January 16, 1899, in a judgment against the surety company for the sum of $45,969.41. Pursuant to the expressed desire of the indemnitors, a writ of error was sued out from the court of appeals for this circuit, and a transcript was in due

course lodged in the clerk's office of that court. The indemnitors prepared to present the case to the circuit court of appeals on that transcript, and the case was ultimately set down for a hearing in that court for a day certain. On that day, without the knowledge or consent of the indemnitors, the surety company paid the judgment in full, with interest and costs.

In addition to the rights which the notice and consequent participation in the litigation gave to the indemnitors, as a matter of law, it cannot be denied, in my opinion, that the surety company, as a matter of fact, at the outset gave the indemnitors to understand and believe that they might rely upon such action by the surety company as would secure to them a full opportunity to make all defenses in the trial court, and in case of defeat to have the case reviewed by the court of appeals. The case, from the outset, throughout its entire progress to judgment, was proceeded with on this understanding. Divers exceptions were saved, and great care manifested to so conduct the proceedings and make the record that every adverse ruling might be reviewed by the appellate court. Counsel for the indemnitors were permitted to and did sign all pleadings for the defendant surety company, in conjunction with counsel for that company; and I think the evidence in this case shows that counsel for the indemnitors took the leading and controlling part in the long and tedious trial which followed in this court, and also in the preparation of the bill of exceptions, in suing out a writ of error, and in preparing for the trial in the court of appeals. All this was done by them at the expense of the indemnitors, and with the distinct understanding that the surety company should be under no obligation to them therefor.

The question for determination in this case is whether the payment of the judgment by the surety company, plaintiff herein, and the dismissal of its appeal, under the circumstances detailed, discharge the indemnitors, the defendants herein, from the obligations of their indemnifying bond. In reaching a solution of this question, it is important to have clearly in mind the rights conferred by operation of law upon the indemnitors by the notice to appear and defend the action. The object and purpose of this notice undoubtedly were to make any judgment which might be rendered in that case conclusive of the liability of the indemnitors under their bond. It is well settled that to accomplish that purpose the indemnitors must not only have the notice, but must be afforded a full opportunity to defend the action. A brief review of the cases on this proposition may not be amiss:

In Washington Gaslight Co. v. District of Columbia, 161 U. S. 316, 16 Sup. Ct. 569, 40 L. Ed. 719, it is said:

"As a deduction from the recognized right to recover over, it is settled that, where one having such right is sued, the judgment rendered against him is conclusive upon the person liable over, provided notice be given to the latter, and full opportunity be given him to defend the action."

When such notice is given, the supreme court of Massachusetts, in City of Boston v. Worthington, 10 Gray, 496, says, the indemnitor is "no longer regarded as a stranger, because he has the right to ap-

pear and defend the action, and has the same means and advantages of controverting the claim as if he were the real and nominal party upon the record."

In Oceanic Steam Nav. Co. v. Campania Transatlantica Espanola, 144 N. Y. 666, 39 N. E. 360, the rule is stated as follows:

"It is sufficient that the surety against whom ultimate liability is claimed is fully and fairly informed of the claim, and that the action is pending, with full opportunity to defend or to participate in the defense."

These last two statements of the rights of indemnitors are quoted with approval by the supreme court of the United States in its case last cited.

In Eaton v. Lyman, 26 Wis. 61, the court, in considering a case where the defendant was sued to contest his title to land, and where he brought in his grantor to bind him by the judgment, says that "it should appear not only that the grantor was notified of the suit, and requested to defend it, but that he was allowed to do so, to the uttermost extent of the law, if he desired to. Otherwise," as said by the court, "a defendant in ejectment might acquiesce in an erroneous result of a trial, and refuse his grantor an opportunity to correct it by appeal, and still conclude him by the judgment in an action on his covenants. This," as the court said, "would be clearly unjust."

In Freem. Judgm. (4th Ed.) § 181, it is said:

"In order to bind the indemnitor to a judgment rendered against the indemnitee, the covenantor must be tendered a full, fair, and previous opportunity to meet the controversy. * * * He should be allowed all the means of defense open to him had he been made a party."

In the case of Strong v. Insurance Co., 62 Mo. 289, it was said to be the rule that, "where one is bound to protect another from a liability, he is bound by the result of a litigation to which such other is a party, provided he had notice of the litigation, and opportunity to control and manage it." See, also, Garrison v. Transportation Co., 94 Mo. 130, 6 S. W. 701; City of St. Joseph v. Union Ry. Co., 116 Mo. 636, 22 S. W. 794; Kansas City, M. & B. R. Co. v. Southern Ry. News Co., 151 Mo. 373, 52 S. W. 205.

In the case of Ladd v. Kuhn, decided by the supreme court of Indiana in 1900, and reported in 56 N. E. 671, it was held that an indemnitor brought in by notice to defend an action on which his liability depended had such substantial rights as entitled him to prosecute an appeal taken from an alleged erroneous judgment, and as prevented the nominal defendant from dismissing the appeal without his consent.

From a careful consideration of all these and many other authorities, it is observed, notably in the Missouri cases, that the right in question involves the control and management of the litigation; in others, it involves the right of prosecuting an appeal or writ of error from the judgment of the trial court; and in all it involves the right to a full and satisfactory opportunity to present all defenses. The case at bar discloses the fact that the defendants were deprived of this right by the action of the plaintiff—First, in paying the judgment; and, second, in the actual dismissal of the appeal. It cannot be successfully contended that the defendants were at fault in

failing to intervene in the court of appeals to prevent the dismissal of the writ of error. The case shows that neither they nor their counsel had an opportunity to do so. Notwithstanding some intimations of negotiations on the part of the surety company looking towards a disposition of the case, the defendants were distinctly advised that they were not to regard such intimations as a notice of a purpose to dismiss the writ of error. Their first knowledge of the action of the plaintiff was after it had actually paid the amount of the judgment, with interest and costs, to the elevator company. The facts show that a few minutes only elapsed between the payment of the judgment and the actual dismissal of the writ of error by the plaintiff; but, whether that time was short or long, the payment of the judgment, with interest and costs, was equivalent to a release of errors, and thereby, irrespective of the time of the actual dismissal of the writ of error, the defendants' right to review the case in the circuit court of appeals was cut off. Not only is this so, but in my opinion it cannot lie in plaintiff's mouth to say that defendants should have anticipated their purpose and prevented its accomplishment. As well might an assassin plead in his defense that his victim might have dodged the fatal blow.

Again, it is plain, and the evidence undoubtedly shows, that the defendants never offered to pay the costs incident to the prosecution of the writ of error, and never offered to otherwise indemnify the plaintiff against expenses attending the same. This fact might be material under some circumstances, but the evidence in this case shows that the plaintiff and the defendants had for three years and more been working harmoniously towards the same object, namely, the defense of the suit of the elevator company, and the preparation of a record, and argument on the same, in the court of appeals. The surety company, of its own accord, and without assertion of any claim to the contrary, had provided a supersedeas bond, and had assumed to give the defendants a full opportunity to be heard in the court of appeals. It is too late to assert now, for the first time, and without any previous request upon the defendants, that they failed to pay the expenses incident to the writ of error, or failed to offer a guaranty to the plaintiff against loss or injury to be occasioned thereby.

Assuming now that the plaintiff, by its act in paying the judgment and dismissing the writ of error, deprived the defendants of a valuable right, the question of its effect upon the plaintiff's rights in this action is next to be considered. After a careful reading of the authorities, and more mature consideration of the case than the exigencies of the trial permitted, I am satisfied that the effect of plaintiff's wrongful act not only destroyed the efficacy of the notice to appear and defend (for that efficacy, as already seen, is conditioned upon indemnitors having a full opportunity to do so), but also destroyed the plaintiff's cause of action against the defendants, or, more appropriately speaking, discharged the defendants from their obligations as indemnitors to the plaintiff. The evidence satisfies me that the plaintiff not only failed to exercise good faith towards the defendants, but, on the contrary, was guilty of bad faith towards

them. After calling them in to defend the case, securing valuable aid from their counsel, giving them to understand in divers and many ways that they should have an opportunity in that action to demonstrate the nonliability of the surety company to the elevator company, and thereby their own nonliability to the surety company on the bond in suit, and after much valuable time had been expended by them, and large expenses had necessarily been incurred for their attorney's services, the surety company, by suddenly and unexpectedly paying the judgment and dismissing the writ of error, rendered all that work, all that expenditure, and all that trouble nugatory and of no avail to the defendants. In my opinion, the plaintiff, on clear equitable principles, is estopped from compelling the defendants to again take upon themselves the burden of making the defense which, apart from its own wrongful act, they would have had fully considered in the court of last resort on the record once at great expense and trouble made by them; in other words, that the payment of the judgment by the surety company to the elevator company, and the dismissal of the writ of error, under the circumstances attending the acts in question, fully discharged the defendants from the obligations of the bond sued on in this case. If authority be needed for this conclusion, it can be found in the case of Stark v. Fuller, 42 Pa. St. 320. Judgment will be entered in favor of defendants.