Argued November 16, affirmed December 4, 1917.

## WINTERS v. PRIVETT.

(168 Pac. 942.)

**Mechanics' Liens—Furnishing Material—Question for Jury.**

1. Evidence *held* sufficient to take to the jury the question of whether material furnished a subcontractor was an open account or for a particular building so that a mechanic's lien therefor was valid.

**Appeal and Error—Questions of Fact—Findings by Court.**

2. Where the evidence would have warranted submission of a question to the jury, findings of the trial court without a jury cannot be set aside on appeal.

**Pleading—Defects—Aider by Verdict.**

3. In an action on a contractor's bond against liens, where complaint did not state a situation authorizing a certain lien paid and sued on to be filed, the defect was cured by proof of facts showing right to lien and a verdict against defendant; there being no demurrer or objection to the introduction of the evidence.

   [As to when a general verdict cures defects in pleading, see note in 1 **Am. Dec.** 210.]

From Multnomah: HENRY E. McGINN, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

The plaintiff was a contractor for the alteration of the Hotel Pendleton and employed the defendants Privett and Noble, partners doing business as Pendleton Electric Supply House, to install necessary electrical devices in the building. These subcontractors gave a bond to the plaintiff in the sum of $500 with the defendant American Surety Company as surety, conditioned for the faithful performance of their auxiliary undertaking. The complaint alleges that after the subcontractors had entered upon their work and partially performed the same they abandoned it, whereupon plaintiff notified the Surety Company of the default, and that unless the work were resumed by a date named he himself would complete it at the cost of the company. He says that he did complete it on the refusal of the company to do so, and was compelled to expend $573.27 in so doing. The complaint then makes the following allegation:

"That defendants Privett and Noble failed to perform said contract and made further default therein in this, that they failed to provide all the materials or to perform all the work required by the terms and conditions of said contract and suffered and permitted a lien to be filed upon and against said Pendleton Hotel and the ground upon which the same is situated by the Western Electric Company, a corporation, for material furnished to defendants Privett and Noble at their special instance and request and used in the construction of that portion of said building included in said contract, amounting to the sum of $484.56, and thereafter said Western Electric Company duly filed its notice of lien claim therefor in the office of the County Clerk of Umatilla County, State of Oregon, and the same was recorded in volume * * of the records of Mechanics' Liens of said county at page * * thereof; that plaintiff duly notified defendant Surety

Company of said default and in all respects fulfilled
the terms of said contract and bond; that said defend-
ant failed and refused to pay said lien and plaintiff was
compelled to pay and did pay the amount thereof, to
wit, $484.56.

"That by reason of said defaults of defendants,
plaintiff has been and is damaged in the sum of $557.83;
that defendants have refused to pay any part thereof."

The answer denies the abandonment of the work by
Privett and Noble or that the plaintiff was compelled
to finish the work at a cost of $573.27, or any sum, and
traverses the portion of the complaint last above
quoted. Otherwise the complaint was admitted. As
new matter, the defendant makes the following alle-
gations:

"That the materials referred to in paragraph V of
plaintiff's complaint herein were sold by the Western
Electric Company to the Pendleton Electric Supply
House in Pendleton, Umatilla County, Oregon, and
were not sold and delivered by the plaintiff herein on
the ground for the sole benefit and use of the Pendleton
Hotel, but that said Western Electric Company carried
an open account with the Pendleton Electric Supply
House in Pendleton, Oregon, and that the materials for
which the alleged lien was filed were sold to Pendleton
Electric Supply House and not to the defendants
Privett and Noble; and when said Pendleton Electric
Supply House became in default of their payments,
said Western Electric Company, in order to obtain pay-
ment for the materials sold to said Pendleton Electric
Supply House, filed a lien upon and against the said
Pendleton Hotel and the ground upon same was situ-
ate, which lien was not a valid lien, and payment of said
lien by the plaintiff herein was a voluntary payment,
and said plaintiff herein was under no obligation to pay
said lien."

The reply, omitting formal parts, is as follows:

"Admits that the materials referred to in paragraph
V of plaintiff's complaint herein were sold by the

Western Electric Company to the Pendleton Electric Supply House, in Pendleton, Umatilla County, Oregon; admits that in order to obtain payment for said materials so sold and delivered to said Pendleton Electric Supply House said Western Electric Company filed a lien upon and against said Pendleton Hotel and the ground upon which the same is situate; but plaintiff denies each and every other allegation contained in said further and separate answer and defense.''

By consent of the court and of the parties the case was heard without a jury. Findings of fact and conclusions of law were made in favor of the plaintiff and a judgment rendered thereupon for $500, the amount of the bond. The sole exception appearing in the bill of exceptions is that the Circuit Court refused on motion of the defendant to make and file the findings of fact and conclusions of law submitted by it, and instead adopted those actually placed on file, they being substantially a restatement of the complaint. The defendant Surety Company appealed.          Affirmed.

For appellant there was a brief and an oral argument by *Mr. John K. Kollock.*

For respondent there was a brief over the names of *Messrs. Bauer & Greene* and *Mr. A. H. McCurtain,* with an oral argument by *Mr. Thomas G. Greene.*

Mr. Justice Burnett delivered the opinion of the court.

So far as the bill of exceptions is concerned, we are called upon to review the testimony and ascertain if there is any of it which will support the findings of the court. The dispute about the facts as recorded before us was to the effect that the electrical supplies for which the Western Electric Company claimed a lien

were not sold particularly for the Hotel Pendleton, but were disposed of to Privett and Noble in the ordinary course of business on an open account; and hence that the transaction did not constitute one from which a mechanic's lien could be derived. We are free to say that there is evidence on both sides of that question. Notwithstanding this, there was testimony to the effect that Privett and Noble represented to the Western Electric Company the fact that they had obtained the contract for installing the electric appliances in the building mentioned and afterward negotiated with the Electric Company on that basis, informing it that they required electric goods for the purpose of completing that contract, and that the goods were shipped from Portland to Pendleton consigned to the firm and a considerable portion thereof, at least, were actually used in the building named.

1, 2. Without going into details of the testimony, it is enough to say that in our opinion there was sufficient to have taken the question to the jury if the trial had been in that form. We cannot, therefore, go behind or dispute the findings of the court which in an action at law are tantamount to a verdict: Section 159, L. O. L.; *Giaconi* v. *Astoria,* 60 Or. 12, 28 (113 Pac. 855, 118 Pac. 180, 37 L. R. A. (N. S.) 1150); *Aerne* v. *Gostlow,* 60 Or. 113 (118 Pac. 277); *Van de Wiele* v. *Garbade,* 60 Or. 585 (120 Pac. 752); *Reid* v. *Stanley,* 62 Or. 151 (124 Pac. 646); *Prudential Trust Co.* v. *Merchants' Natl. Bank,* 66 Or. 224 (133 Pac. 1191); *Franck* v. *Blazier,* 66 Or. 377 (133 Pac. 800); *Norman* v. *Ellis,* 74 Or. 168 (143 Pac. 1112); *Weigar* v. *Steen,* 81 Or. 72 (158 Pac. 280).

3. There was no demurrer to the complaint. Neither was there any objection, so far as the bill of exceptions discloses, to the claim of lien filed by the Western Elec-

tric Company, or any other testimony relating to its validity. It is now contended for the first time that the complaint does not state facts sufficient to constitute a cause of action, the defect urged being in purport that it does not show a situation authorizing a lien to be filed; with the result that the payment thereof by the plaintiff was voluntary and could not be charged against the Surety Company. The contention of the defendant is that the statement of the complaint concerning the claim of lien amounts to a mere conclusion of law and is not equivalent to an allegation of fact. In support of its position the defendant cites the case of *Equitable Savings & Loan Assn.* v. *Hewitt,* 55 Or. 329 (106 Pac. 447). That was a suit to foreclose a mortgage so conditioned that the mortgagor was to keep the premises free from all liens, in default of which the mortgagee was authorized to pay such encumbrances and charge the amount against the mortgagor. The allegation of the filing of a lien in that case in that respect was substantially like the averment of the complaint here. We note, however, on examination of the decision there that the question was raised by demurrer to the complaint, so that the attention of the pleader was called to the fault at a time when he could have saved himself by amendment. That feature differentiates that precedent from the issue at bar, for here the objection is urged for the first time before this court.

We recall also that the bill of exceptions does not disclose that any objection was made to any of the testimony offered on behalf of the plaintiff here. Finally, we have before us an action at law where the verdict is in favor of the plaintiff. Therefore, the question to be determined is whether the decision thus rendered cures the defect in the pleading.

In *Booth* v. *Moody*, 30 Or. 222, 225 (46 Pac. 884), Mr. Justice ROBERT S. BEAN thus declares the precept on that subject:

"The extent and principle of the rule of aider by verdict is that whenever the complaint contains terms sufficiently general to comprehend a matter so essential and necessary to be proved that, had it not been given in evidence, the jury could not have found the verdict, the want of a statement of such matter in express terms will be cured by the verdict, because evidence of the fact would be the same whether the allegation of the complaint is complete or imperfect." (See, also, *Lindstrom* v. *Natl. Life Ins. Co.*, 84 Or. 588 (165 Pac. 675).

The defendant urges as an objection to the complaint that it does not appear therefrom that material was sold to the subcontractors to be used in the Hotel Pendleton building, and further that there is nothing in the pleading to distinguish the transaction from a sale in the ordinary course of business on open account. As to the subsidiary fact about a sale for specific purpose, or in the general course of business, we are concluded by the findings. When we come to examine the claim of lien introduced in evidence we find that it states that the material was furnished to the subcontractors to be used, and was used, in the alteration and repair of the building. Applying the rule laid down in *Booth* v. *Moody*, 30 Or. 222, 225 (46 Pac. 884), we discern that the evidence adduced would have been applicable to a pleading setting out with particularity all that the defendant claims should have been averred. There was enough in the complaint to notify the defendant in general terms that the plaintiff would rely on having been compelled to pay a lien against the building brought about by the default of the subcon-

tractors for whom the company had given its bond. The testimony admitted without objection discloses a state of facts upon which an invulnerable complaint could have been framed. This brings it clearly within the rule laid down in *Booth* v. *Moody,* with the result that inasmuch as the evidence adduced would have corresponded with a perfect complaint the verdict cures the alleged defect. If the defendant would rely upon such an objection to the complaint it must be charged by demurrer while yet there is time for the plaintiff to amend, and especially should the former urge objections to the testimony offered in proof of the defective statement. In our opinion, it is pushing the matter of strict pleading too far when it appears by the record that in very truth the whole subject was examined by the trial court without objection, and a conclusion reached in accord with at least a plausible view of the testimony. The judgment of the Circuit Court is affirmed.        AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.